NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1438

COMMONWEALTH

vs.

JHONATA SOUSA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant, Jhonata Sousa, was convicted of two counts of rape of a child with force, G. L. c. 265, § 22A, and one count of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B.[1] He appeals from the convictions of rape of a child with force, contending that the evidence was insufficient to establish the element of force beyond a reasonable doubt. We affirm.

---

[1] The defendant was found not guilty of one count of indecent assault and battery on a child under fourteen. The defendant was also charged with two counts of statutory rape, which were dismissed as lesser included offenses of the two counts of rape of a child with force.

Discussion. In reviewing the defendant's challenge to the sufficiency of the evidence of force, we "consider the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Cordle, 412 Mass. 172, 175 (1992). See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). There must be sufficient evidence for the jury to conclude beyond a reasonable doubt that the sexual acts were "against [the] will" of the child. G. L. c. 265, § 22A. "Proof of the force element of rape under G. L. c. 265, § 22A, may be established by physical force or constructive force." Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 254 (2008). See Commonwealth v. Caracciola, 409 Mass. 648, 653-654 (1991). "Constructive force requires proof that the victim was afraid or that she submitted to the defendant because his conduct intimidated her" (quotation and citation omitted). Commonwealth v. Vasquez, 462 Mass. 827, 846 (2012). A determination of constructive force requires "examination of the circumstances or fear in which the victim is placed, the impact of those circumstances or fear on

2

the victim's power to resist[,] and the defendant's conduct." Caracciola, supra at 651.[2]

Here, the evidence, taken in the light most favorable to the Commonwealth, was sufficient to prove constructive force. The defendant, the victim's brother-in-law, was a trusted caretaker figure to the victim. On the night of the assault, the defendant got in bed behind the victim, moved her to face him, and sexually abused her by touching and penetrating her vagina for forty-five minutes. The defendant, an adult male, was approximately six feet, four inches tall and 250 pounds. The victim was a twelve year old girl and was described as "a peanut," at five foot, three inches and one hundred pounds. As in Armstrong, 73 Mass. App. Ct. at 255, the defendant "took advantage of the young victim as she slept in his house, where the defendant was an authority figure, and the victim was in the care of the defendant and his wife," and "the defendant . . . [was] a much larger person than the victim[.]" The victim testified that during the assault, she was "frozen," "didn't

---

[2] The defendant contends that there was insufficient evidence of force because no "force or threat of bodily harm" was used to compel the victim to engage in sexual acts. This argument ignores established case law on constructive force, see, e.g., supra, and as such must fail. See Commonwealth v. Dube, 59 Mass. App. Ct. 476, 485 (2003) ("we have no power to alter, overrule, or decline to follow the holding of cases the Supreme Judicial Court has decided"), and cases cited.

want to move a muscle," and was "terrified."  Because the victim had observed the defendant's "very bad temper" in the past, she was afraid she or her sister (the defendant's wife) would be hurt if she moved.  See Commonwealth v. Wallace, 76 Mass. App. Ct. 411, 418 (2011) (jurors entitled to credit victim's testimony that he "feared the consequences of resisting the defendant's sexual advances [even if the specific consequences he feared were not spelled out]").  Evaluating this evidence in the light most favorable to the Commonwealth, a rational jury could have found constructive force beyond a reasonable doubt.  See Latimore, 378 Mass. at 676-677.

                                        Judgments affirmed.

                                        By the Court (Blake, C.J.,
                                          Shin & Hand, JJ.[3]),

                                        Paul Little

                                        Clerk

Entered:  January 10, 2025.

---

[3] The panelists are listed in order of seniority.

4